BENJAMIN B. WAGNER
United States Attorney
JEFFREY A. SPIVAK
Assistant U. S. Attorney
2500 Tulare Street, Suite 4401
Fresno, CA  93721
Telephone:  (559) 497-4000

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY $30,670.00 IN U.S. CURRENCY,<br><br>Defendant. | 2:14-cv-02586-MCE-AC<br><br>STIPULATION AND ORDER TO STAY FURTHER PROCEEDINGS |
|---|---|

      The United States and claimant Christian Dapaah ("claimant") hereby stipulate that a stay is necessary in the above-entitled action, and request that the Court enter an order staying all further proceedings due to an on-going related criminal case against claimant Christian Dapaah in Stanislaus County Superior Court <u>People v. Christian William Dapaah</u>, Case Number 1469889.  A Preliminary Hearing is presently scheduled for January 26, 2016.

      1.    Claimant has filed a claim in this *in rem* forfeiture action, asserting he is the legal and rightful owner of the defendant property in this action.  ECF No. 6.

      2.    The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2).  The United States contends that the defendant currency was derived from or was intended to be used in a violation of federal law, 21 U.S.C. § 841, et seq. (manufacture, distribute, or

dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance). Claimant denies these allegations.

3. The United States intends to depose claimant Dapaah regarding his claim and the allegations as set forth in the complaint. If discovery proceeds at this time, claimant will be placed in the difficult position of either invoking his Fifth Amendment rights against self-incrimination and losing the ability to pursue his claim to the Defendant Currency, or waiving his Fifth Amendment rights and submitting to a deposition and potentially incriminating himself. If he invokes his Fifth Amendment rights, the United States will be deprived of the ability to explore the factual basis for the claim he filed with this court.

4. In addition, claimant intends to depose, among others, law enforcement involved with this and other investigations. Allowing depositions of the law enforcement officers at this time would adversely impact the ability of such law enforcement officers to investigate the alleged underlying criminal conduct.

5. The parties recognize that proceeding with this action at this time has potential adverse effects on the criminal case and/or upon the claimant's ability to assert any defenses to forfeiture. For these reasons, and because the parties are attempting to settle the civil forfeiture case, the parties jointly request that these matters be stayed until July 1, 2016, in accordance with the terms of this stipulation.

6. At that time the parties will advise the court of the status of the criminal investigation and will advise the court whether a further stay is necessary.

Respectfully submitted,

Dated: December 7, 2015

BENJAMIN B. WAGNER
United States Attorney

By:  /s/ Jeffrey A. Spivak
JEFFREY A. SPIVAK
Assistant U.S. Attorney

Dated: December 7, 2015         /s/ Austin Thompson
AUSTIN THOMPSON
GARCIA, SCHNAYERSON & THOMPSON
Attorney for Claimant Christian Dapaah
(As approved by email on 12/7/2015)

## ORDER

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) until July 1, 2016, in accordance with the terms of this stipulation. On or before June 24. 2016, the parties will advise the court whether a further stay is necessary.

IT IS SO ORDERED.

Dated: December 8, 2015

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT